1 | PAMELA TSAO (SBN: 266734)
ASCENSION LAW GROUP
2 | 12341 Newport Ave.
Suite B200
3 | North Tustin, CA 92705
PH: 714.783.4220
4 | FAX: 888.505.1033
Pamela.Tsao@ascensionlawgroup.com
5 |
Attorneys for Plaintiff QUY TRUONG
6 |
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**
10 |
11 | QUY TRUONG, an individual,          Case No.: 8:22-cv-01503
12 |          Plaintiff,                 **COMPLAINT FOR**
13 |       vs.
14 | SM.KAN, INC., a California          **(1) VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CALIFORNIA CIVIL CODE §§ 51, 52);**
corporation;
15 |
16 |          Defendants.               **(2) VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
17 |
18 |
...
28 |

**COMPLAINT**

# I.
## SUMMARY

1.      This is a civil rights action by plaintiff Quy Truong ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex located at 15347 Gale Ave., City of Industry, CA 91745 (the "Property").  Plaintiff is often in the area for dining and entertainment as he lives close to the area and enjoys the restaurant located at the Property.  On this particular occasion he desired to visit the "101 Sushi Roll & Grill" restaurant located on the Property.

2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 (42  U.S.C. §§ 12101, et seq.) and related California statutes[1] against Defendant, the tenant SM.KAN, INC., a California corporation and/or owner of the Property ("Defendant").

# II.
## JURISDICTION

3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.      Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C § 1367.

5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III.
## VENUE

**6.**      All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

---

[1] Plaintiff is not currently asserting a cause of action under California Civil Code § 55, but may amend his complaint at a later time upon discovery of facts which give rise to such a claim.

**1**
**COMPLAINT**

## IV.

## PARTIES

**7.**      On information and belief, Plaintiff alleges that Defendant is or was at the time of the incident, the owner, operator, lessor and/or lessee of the Property, and consists of a person (or persons), firm, company, and/or corporation.

**8.**      Plaintiff suffers from spina bifida and as a result is unable to walk or stand without the use of a wheelchair and needs a wheelchair at all times when traveling in public.  Plaintiff is "physically disabled" as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.  Plaintiff is a resident of Orange County, California.  Plaintiff is not a high frequency litigant as that term is defined under California Code of Civil Procedure § 425.55.  In the twelve (12) months prior to the filing of this lawsuit, Plaintiff filed eight (8) other accessibility complaints.

## V.

## FACTS

**9.**      On or about January 8, 2022, Plaintiff desired to patronize the Property. On this particular visit, he desired to patronize the "101 Sushi Roll & Grill" restaurant operating at the Property.  The Property is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

**10.**      Plaintiff visited the Property and encountered barriers (both physical and intangible) that interfered with – if not outright denied – Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the facility.  To the extent known by Plaintiff, the barriers at the Property included, but are not limited to the following:

a.  The restrooms are not properly configured for use by persons with disabilities in multiple respects, including but not limited to missing

**2**
**COMPLAINT**

safety grab bars that are needed to safely transfer from the wheel chair to the toilet; toilet seat dispensers and/or toilet paper rolls that are not properly configured making it difficult if not impossible to reach.

11.     These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuits standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008).  These barriers prevented Plaintiff from enjoying full and equal access to the Property.

12.     Plaintiff experienced difficulty, discomfort and embarrassment from the accessible barriers he encountered.  Although he would like to visit the Property again, he continues to be deterred from visiting the Property because of the future threats of injury created by these barriers.  Plaintiff would return to the Property once the barriers are removed.  Plaintiff desires to return to the Property as he enjoys the restaurant located at the Property and is often in the area and thus would like to return to patronize the restaurant.  Plaintiff would also return within 6 months of the barriers being removed or corrected.

13.     On information and belief, Plaintiff alleges that Defendant knew that these elements and areas of the Property were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendant has the financial resources to remove these barriers from the Property (without much difficult or expense) and make the Property accessible to the physically disabled.  To date, however, the Defendant refuses to remove those barriers.

14.     On information and belief, Plaintiff alleges that at all relevant times, Defendant has possessed and enjoyed sufficient control and authority to modify the Property to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendant has not removed such impediments and has not modified the Property to conform to accessibility standards.

**3**
**COMPLAINT**

# VI.

## FIRSTCAUSE OF ACTION: VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE §§ 51, 52 AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

15.     Plaintiff incorporates the allegations contained in paragraphs 1 through 14 for this claim and incorporates them herein.

16.     At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of disability or medical condition:

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every  kind whatsoever.  Cal. Civ. Code § 51(b).

17.      California Civil Code § 52 provides that the discrimination by Defendant against Plaintiff on the basis of his disabilities constitutes a violation of the anti-discrimination provisions of §§ 51 and 52.

18.     Defendant's discrimination constitutes a separate and distinct violation of California Civil Code § 52 which provides that:

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5 or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any

**4**

**COMPLAINT**

person denied the rights provided in Section 51, 51.5 or 51.6.

19.     Plaintiff continues to be deterred from visiting the Subject Property based upon the existence of the accessible barriers.  In addition to the occurrence in January 2022, Plaintiff is entitled to $4,000.00 in statutory damages for each additional occurrence of discrimination under California Civil Code  § 52.

20.     Any violation of the Americans with Disabilities Act of 1990 (as pled in the Third Cause of Action) constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law.  Per § 51(f), "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 … shall also constitute a violation of this section."

21.     The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52.  As a proximate result of Defendant's action and omissions Defendant has discriminated against Plaintiff in a violation of Civil Code §§ 51 and 51.

## VII.

## SECOND CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 USC §§ 12101 *et seq.*)

22.     Plaintiff incorporates the allegations contained in paragraphs 1 through 21 for this claim and incorporates them herein.

23.     As part of the Americans with Disabilities Act of 1990 ("ADA"), Congress passed "Title III – Public Accommodations and Services Operated by Private Entities."  42 U.S.C. § 12181 et seq.  The Property is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "restaurant, bar, or other sales or rental establishment serving food or drink."  § 301(7)(B).

24.     The ADA states that "[n]o individual shall be discriminated against on

**5**

**COMPLAINT**

the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.

25.     The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

26.     On information and belief, Plaintiff alleges that the Property was constructed after January 26, 1992.

27.     On information and belief, Plaintiff alleges that the removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards §§ 30 l and 302 of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per§ 302(b )(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were readily achievable.

28.     On information and belief, as of the date of Plaintiff's encounter at the Property and as of the filing of this Complaint, the Defendant has denied and continue to deny full and equal access to Plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate plaintiff's rights to full and equal access and which discriminate against Plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of§§ 302 and 303 of the ADA. 42 USC§§ 12182 and 12183.

29.     On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to access this public accommodation since on or before Plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in§ 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of§ 302(b)(2)(A)(iv) and § 303(a) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

30.     Plaintiff seeks relief pursuant to remedies set forth in§ 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

## **PRAYER**

WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

1. Issue a preliminary and permanent injunction directing Defendant as current owners, operators, lessors, and/or lessees of the Property to modify the above described Property and related facilities so that each provides full and equal access to all persons, including but not limited to persons with physical disabilities who use wheelchairs, and issue a preliminary and permanent injunction directing Defendant to provide and maintain facilities usable by Plaintiff and similarly situated persons with

disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2.  Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3.  Award to Plaintiff statutory damages of $4,000 for each occurrence of deterrence or discrimination experienced by Plaintiff until a final judgment is rendered in this case, all according to proof;

4.  Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

5.  Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

6.  Award to Plaintiff prejudgment interest pursuant to California Civil 17 Code§ 3291;

7.  Grant such other and further relief as this Court may deem just and proper.


ASCENSION LAW GROUP, PC

DATE: August 11, 2022

/s/Pamela Tsao

Pamela Tsao, attorney for Plaintiff

QUY TRUONG

**8**
**COMPLAINT**

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4

ASCENSION LAW GROUP, PC

5

DATE: August 11, 2022

6

\_\_\_\_\_/s/ Pamela Tsao

7

Pamela Tsao, attorney for Plaintiff

8

QUY TRUONG

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**9**
**COMPLAINT**